# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                  **CAUSE No.: 3:24-CR-69-HTW-LGI**

**ANDRE LAMONT RAWLS**                                           **DEFENDANT**

## ORDER OF CLARIFICATION

The Bureau of Prisons ("BOP"), which currently houses Defendant Andre Lamont Rawls ("Rawls") requested clarification from the United States Marshals Service as to whether Rawls's sentence in this matter is to run consecutively or concurrently with a prior sentence Rawls received from another District Judge. In turn, the United States Marshals Service requested clarification from this Court.

### I.    BACKGROUND

Rawls, in 2005, pled guilty (to conspiracy to possess, with intent to distribute, and to distribute a controlled substance) before the Honorable Sidney A. Fitzwater, (now-Senior) District Judge for the Northern District of Texas.[1] Judge Fitzwater sentenced Rawls to 151 months imprisonment, to be followed by 5 years of supervised release. Judge Fitzwater ordered that this sentence would run consecutively to a sentence of 60 months imprisonment which Judge Fitzwater imposed upon Rawls that same day for violating the conditions of his supervised release.[2]

Rawls began supervised release, starting in 2019. In May 2024, a Grand Jury in the Northern District of Mississippi indicted Rawls for conspiracy to distribute a controlled substance

---

[1] *United States v. Rawls*, No. 3:04-cr-00334-D-4 (N.D. Tex.).

[2] *United States v. Rawls*, No. 3:05-cr-00015-D-1 (N.D. Tex.)

between 2021 and 2023; and the Honorable Debra M. Brown, Chief Judge, presided over that case.[3] In July 2024, Judge Fitzwater ordered that jurisdiction over Rawls' supervised release be transferred to this District. This Court accepted jurisdiction, resulting in the creation of this case. Rawls, here, stood accused of violating the conditions of said supervised release, in part due to the criminal conduct charged in the criminal case proceeding before Chief Judge Brown.

In November 2024, Rawls pled guilty, before Chief Judge Brown, to "conspiracy to possess with intent to distribute cocaine." Chief Judge Brown, in February 2025, sentenced Rawls to 110 months imprisonment. Although this Court had not yet adjudicated Rawls' revocation, Chief Judge Brown specified that Rawls' sentence was to "run concurrently to the sentence imposed" in this case.

In May 2025, this Court found that Rawls, indeed, had violated the conditions of his supervised release and sentenced Rawls to 60 months imprisonment. The parties informed this Court of Chief Judge Brown's order that Her Honor's sentence should run concurrently with this Court's; but this Court disagreed, finding that consecutive imprisonment was more appropriate— and ruling the same be imposed. In June 2025, this Court entered its judgment, confirming that this Court was sentencing Rawls to a term of imprisonment to run consecutively with Chief Judge Brown's sentence. Rawls, through counsel, filed a Notice of Appeal, which the United States Court of Appeals for the Fifth Circuit has docketed.[4]

After the United States Marshals Service submitted a designation request to the BOP, the request for clarification *sub judice* arose. The question in need of clarification is whether Rawls

---

[3] *United States v. Rawls*, No. 3:24-cr-00051-DMB-RP-10 (N.D. Miss).

[4] *United States v. Rawls*, No. 25-60316 (5th Cir.).

must serve the terms of imprisonment imposed by Chief Judge Brown and this Court consecutively, in view of the inconsistent orders on the issue.

## II.  DISCUSSION

The United States District Courts for the Northern District of Texas (Senior Judge Fitzwater's court), the Northern District of Mississippi (Chief Judge Brown's court), and the Southern District of Mississippi (this Court) each must follow mandatory authority promulgated by the United States Court of Appeals for the Fifth Circuit. No conflict, then, exists as to which circuit's law should apply to this matter.

In a precedential decision, a Fifth Circuit panel held that a district court in the Northern District of Texas "erred by ordering that [the defendant's] sentence run consecutively to the anticipated but not-yet-imposed federal sentence" to be handed down by a district court for the Southern District of Texas (the latter of which ordered the sentences to run concurrently). *United States v. Quintana-Gomez*, 521 F.3d 495, 498 (5th Cir. 2008). The panel reasoned that Section 3584 of Title 18 of the United States Code—which controls the "[i]mposition of concurrent or consecutive terms"—"does not provide a district court authority to order that its sentence run consecutively to an anticipated but not-yet-imposed federal sentence." *Id.* The panel also noted "a general principle" that "one district court has no authority to instruct another district court how, for a different offense in a different case, it must confect its sentence." *Id.*

Subsequently, the United States Supreme Court held that "it was within [a] [d]istrict [c]ourt's discretion to order that [a defendant's] sentence run consecutively to his anticipated state sentence in [a] probation revocation proceeding." *Setser v. United States*, 566 U.S. 231, 244–45 (2012) (emphasis added). "[B]ecause the state court's subsequent decision to make that sentence concurrent with its other sentence [did] not establish that the [d]istrict [c]ourt abused its discretion by imposing an unreasonable sentence," the Court affirmed the federal sentence. *Id.* In so doing,

Page 3 of 6

the Court declined to find that a district court lacks ability to exercise discretion in applying Section 3584 "with respect to anticipated sentences." *Id.* at 240.

The Court acknowledged, in a footnote, Setser's objection that the Court's decision could lead to a situation where "district court c[ould] enter a consecutive sentencing order … in advance of an anticipated <u>federal</u> sentence." 566 U.S. 231, 241 n.4 (emphasis added). While passing on that question, which was not before it, the Court suggested that the outcome would change under that scenario:

> It could be argued that [Section] 3584(a) impliedly prohibits such an order because it gives that decision to the federal court that sentences the defendant when the other sentence is "already" imposed—and does not speak (of course) to what a *state* court must do when a sentence has already been imposed.

*Id.* Confronted with district courts ruling on concurrency of anticipated federal sentences, several circuits—including, at least, the First,[5] Fourth,[6] Ninth,[7] and Tenth[8]—followed the approach suggested by the Court's footnote. That result was not "obvious," though, as an Eighth Circuit

---

[5] *United States v. Almonte-Reyes*, 814 F.3d 24, 28 (1st Cir. 2016) ("We adopt the distinction suggested in *Setser*'s footnote four. … Section 3584(a) says that when a term of imprisonment has 'already' been imposed, a federal court has the power to sentence concurrently or consecutively …. By giving such discretion to the later federal sentencing court, Section 3584(a) impliedly prohibits an earlier federal court from making that decision with respect to a future federal sentence." (cleaned up)).

[6] *United States v. Obey*, 790 F.3d 545, 549 (4th Cir. 2015) (Reasoning that Fourth Circuit precedent "prohibiting a district court from ordering that its sentence run consecutively to an anticipated federal sentence remains controlling precedent in this circuit," even after *Setser*).

[7] *United States v. Montes-Ruiz*, 745 F.3d 1286, 1293 (9th Cir. 2014) ("We are persuaded by the language of the statute, the rationale of our prior decisions, the decisions from our sister circuits, and dicta from the Supreme Court that [Section] 3584 does not permit a federal sentencing court to impose a sentence to run consecutively to another federal sentence that has yet to be imposed.").

[8] *United States v. Ramon*, 958 F.3d 919, 922–23 (10th Cir. 2020) ("The first district court cannot circumvent Congress's procedure by deciding the consecutive-versus-concurrent issue before the second court has even sentenced the defendant. … [W]e conclude that the district court erred by ordering its sentence run consecutively with future federal sentences.").

panel noted; the aforementioned circuit courts "saw fit to offer substantive analyses of the issue before reaching their conclusions." *United States v. Watson*, 843 F.3d 335, 337 (8th Cir. 2016); *accord* 958 F.3d at 922 (presenting analysis and reasoning); *see also United States v. Cook*, No. 20-5622, 2022 WL 1440993, at *6 (6th Cir. May 6, 2022) ("[T]he proper interpretation of § 3584(a) is neither clear nor obvious.").

No precedential decision in this Circuit definitely addressed whether the *Quintana-Gomez* rule survived the *Setser* court's decision to leave the question open. That said, the weight of authority appears to support it survival. In a non-precedential opinion, a Fifth Circuit panel relied on *Setser* and declined to find it "inconsistent" with *Quintana-Gomez*, which the panel noted to be "inapplicable" on its fact-pattern. *United States v. Garcia*, 517 F. App'x 225 (5th Cir. 2013) (per curiam) (dealing with "running [a federal sentence] consecutively to the as-yet-undetermined state prison term"). Further, without citing *Setser*, various Fifth Circuit panels (including in published decisions) dutifully have applied the *Quintana-Gomez* rule. *See, e.g.*, *United States v. Robinson*, 87 F.4th 658, 677 (5th Cir. 2023) (correcting, as "error," "the district court's conclusion that it was bound by [another district judge's prior] order that the two federal sentences run consecutively"); *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) ("The order to run the illegal reentry sentence consecutively with the pending federal sentence is clear and obvious error under prongs one and two."). The Ninth Circuit, *en route* to adopting *Setser*'s footnote approach, cited *Quintana-Gomez* favorably. *Montes-Ruiz*, 745 F.3d at 1292. The Fourth Circuit opined that its precedent concordant with that approach survived *Setser*, which precedent *Quintana-Gomez* heavily cited as persuasive authority. *Obey*, 790 F.3d at 549; *Quintana-Gomez*, 521 F.3d at 497–98 (citing *United States v. Smith*, 472 F.3d 222 (4th Cir. 2006)).

### III.   CONCLUSION

In view of the preceding discussion, it appears that the *Quintana-Gomez* rule remains controlling law, even after the Supreme Court's decision in *Setser*. Fifth Circuit precedent appears to find errant a district court's effort to control the concurrency of an anticipated sentence by another district court—and, thus, appears to compel a finding that this Court's decision on whether its sentence shall run consecutively is the decision that controls. This Court, then, **reaffirms** and **clarifies** its prior order that the 60 months imprisonment which it imposed upon Rawls is to run **consecutively** to Chief Judge Brown's sentence.

This Court notes that this order simply shall serve to provide the requested clarification and explain the basis for why its sentencing decision controls. The United States Court of Appeals for the Fifth Circuit now has jurisdiction over Rawls' appeal of this Court's Revocation Judgment. This Court does not know whether this matter of "consecutive versus concurrent" is an intended subject for appeal, but it will await further direction from the Fifth Circuit.

**SO ORDERED** this the  16th  day of         July        , 2025.

/s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**